**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **WILLIS R. WHITING, JR., et al.,** )<br>    **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**BUFFALO PUMPS, INC., et al.,** )<br>    **Defendants.** )<br>**GERTNER, D.J.** | **Civil Action No. 08cv11022-NG** |

**ORDER OF REMAND**
May 4, 2009

This is an asbestos personal injury action.  Plaintiff Willis Whiting served in the Navy

aboard the USS Guadalcanal from 1968 to 1972.  See Compl. ¶ 9, Ex. to Notice of Removal

(document # 1-2). After leaving the Navy, he repaired automobiles and performed home

improvements and renovation work.  Whiting's exposure to asbestos during the course of his

Navy service and subsequent employment allegedly caused him to develop malignant

mesothelioma.  See id. at ¶ 11.

The plaintiffs filed suit in Massachusetts state court, charging that the defendants were

responsible for his asbestos-related disease.  They seek relief on theories of negligence, breach of

warranty, and gross negligence, as well as loss of consortium.  The plaintiffs claim that the

removing defendants breached their duties to Whiting in failing to warn him about asbestos and

its health hazards; they do not allege defective design against these defendants.  Id. at ¶¶ 17, 26

(disclaiming defective-design theories against manufacturers of equipment installed on Navy

vessels).  All of the plaintiffs' claims are based on state law.  See id.

One of the defendants, Buffalo Pumps, Inc. ("Buffalo Pumps"), removed the case from

Massachusetts Superior Court to this Court.  According to Buffalo Pumps, during the time when

its actions allegedly led to Willis Whiting's exposure to asbestos, it was acting under the

government's instructions as a federal contractor. See Buffalo Pumps' Mem. in Opp. Mot.

Remand (document # 9); Boyle v. United Technologies Corp., 487 U.S. 500 (1988) (describing

the federal contractor defense). As a result, Buffalo Pumps argues that it is entitled to a federal

forum under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). See Mesa v. California,

489 U.S. 121 (1989) (construing the federal officer removal statute). The plaintiffs oppose

removal and seek to return the case to state court. Accordingly, they have filed a Motion to

Remand (document # 5).

Both the defendant itself and the evidence it submits in support of removal are all but

identical to the parties and arguments addressed in this Court's May 4, 2009 Memorandum and

Order in Holdren v. Buffalo Pumps, Inc., Case No. 08cv10570-NG. For the reasons stated

therein, the Court finds that the removing defendant has failed to raise a colorable federal

defense and, separately, has failed to satisfy the causation requirement of the removal statute, 28

U.S.C. § 1442(a)(1). As a result, this Court lacks subject-matter jurisdiction over the pending

action. Plaintiffs' Motion to Remand (document # 5) is **GRANTED**.

For the reasons set forth above, this case is hereby **REMANDED** to the Middlesex

Superior Court of Massachusetts.

**SO ORDERED.**

**Date: May 4, 2009**          /s/Nancy Gertner
                              **NANCY GERTNER, U.S.D.C.**